UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

**GREGORY ROY LEWIS (#579857)**　　　**CIVIL ACTION NO. 16-842-P**

**VERSUS**　　　**JUDGE ELIZABETH E. FOOTE**

**JERRY GOODWIN**　　　**MAG. JUDGE KAREN L. HAYES**

**REPORT AND RECOMMENDATION**

Pro se Petitioner Gregory Roy Lewis (#579857) filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner is an inmate in the custody of the Louisiana Department of Corrections, incarcerated at the David Wade Correctional Center ("DWCC") in Homer, Louisiana. He alleges that the court of conviction lacked subject-matter jurisdiction to convict him. Petitioner seeks an immediate release from custody. (Doc. 1).

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.

**Procedural History**

According to his petition, Gregory Lewis was convicted in the 10th Judicial District Court, Natchitoches Parish, Louisiana. On April 1, 2011, Petitioner was sentenced to an unspecified term of imprisonment. (Doc. 1, p. 1). Petitioner does not allege that he appealed his conviction and sentence or filed an application for post-conviction relief.

Because § 2254 specifically governs challenges to state court convictions, Petitioner was ordered to amend his mislabeled § 2241 petition on the proper § 2254 form, and include any and all § 2254 claims that he wishes to raise. Petitioner's amended petition was to be filed on or before October 3, 2016. (Doc. 4).

**Law and Analysis**

Federal Rule of Civil Procedure 41(b) permits dismissal of claims "[i]f the plaintiff fails to prosecute or to comply with ... a court order. . . ." Fed. R. Civ. P. 41(b). A district court also has the inherent authority to dismiss an action *sua sponte,* with or without notice to the parties. See Rogers v. Kroger Co., 669 F.2d 317, 319 (5th Cir. 1982) (citing Link v. Wabash R.R.Co., 370 U.S. 626, 630-31 (1962)). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts." McCullough v. Lynaugh, 835 F.2d 1126, 1127 (5th Cir. 1988).

To date, Petitioner has failed to comply with the Court's order of September 2, 2016, instructing Petitioner to amend his petition by October 3, 2016.

## Conclusion

Therefore**, IT IS RECOMMENDED** that the petition for writ of habeas corpus be **DISMISSED WITHOUT PREJUDICE** in accordance with Rule 41(b) of the Federal Rules of Civil Procedure.

## Objections

**Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed.  Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.**

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS,**

**CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.**

**THUS DONE AND SIGNED** in chambers at Monroe, Louisiana, this 3rd day of November, 2016.

Karen L. Hayes
United States Magistrate Judge